

New York Financial District Headquarters
225 Broadway 17th Fl, New York, NY 10007
+1 347.897.6199

February 10, 2023

**VIA ECF**
Honorable Judge Edgardo Ramos
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Dicks v. Feng Shui Import, LLC*
Civil Action No. 1:22-cv-06448
**Pre-Motion Letter**

Dear Judge Ramos,

We represent Defendant Feng Shui Import, LLC ("Defendant") in the above-referenced matter. Pursuant to Your Honor's Individual Practices, and for the reasons outlined below, Defendant respectfully requests a pre-motion conference to address its anticipated motion to dismiss the complaint filed by plaintiff Victoria Dicks ("Plaintiff") on July 29, 2022 ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) and12(b)(6).

By way of background, Plaintiff alleges to be a visually impaired and legally blind person who intended to make an online purchase of a "protection keychain" on Defendant's website but was unable to do so because the website lacked sufficient accessibility components. See Complaint ¶¶ 2, 10, 32, ECF No. 1. Plaintiff brings this Complaint against Defendant alleging, *inter alia*, violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), New York State Human Rights Law ("NYSHRL"), New York State Civil Rights Law ("NYSCRL"), and New York City Human Rights Law ("NYCHRL"). As discussed more fully below: (1) Plaintiff's ADA claim should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of standing; and (2) if Plaintiff's ADA claim is dismissed, Plaintiff's remaining state and municipal law claims under NYSHRL, NYSCRL and NYCHRL should likewise be dismissed due to lack of supplemental jurisdiction.

Plaintiff's first cause of action, and the only one invoking federal jurisdiction, is for alleged violation of the ADA. Specifically, Plaintiff alleges that Defendant violated the revised regulations promulgated under Title III of the ADA, which require steps to be taken when designing websites and online ordering systems to ensure no individual with disability is treated differently than other individuals under 42 U.S.C. § 12182. See Complaint ¶¶53-63, ECF No. 1.

Article III of the United States Constitution limits the jurisdiction of the federal courts so that they may hear only "cases" and "controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). For a justiciable case or controversy to exist, a plaintiff must satisfy the three requirements of constitutional standing. See Id. at 560-61. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" Id. at 560 (internal citations omitted). Second, the plaintiff must show "a causal connection between the injury and





the conduct complained of . . . ." Id. at 560. Third, it must be likely that a favorable judicial decision will redress the injury. Id. at 561. Because the elements of constitutional standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case," the plaintiff must support "each element" of standing "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Cater v. HealthPort Techs., LLC, 822 F. 3d 47, 56 (2d Cir. 2016) (quoting Lujan, 504 U.S. at 561). Here, Plaintiff's ADA claim should be dismissed for lack of standing, because Plaintiff cannot show, or in the alternative does not sufficiently allege, an injury in fact under the ADA.

The first element of the Lujan test is the existence of an injury in fact. When assessing claims under the ADA, the Second Circuit has found injury-in-fact and therefore constitutional standing when:

> (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; **and** (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendant ['s establishment] to plaintiff's home, that plaintiff intended to return to the subject location.

Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013)(emphasis added).

While Plaintiff alleged her inability to purchase the "protection keychain" from Defendants website, the Complaint does not have sufficient factual allegations for the Court to find in favor of the Plaintiff as to the second and third element of the Kreisler test.

With respect to the second element, Defendants have remedied its website with additional accessibility features, and as such, the alleged discriminatory treatment would not continue. See Exhibit A for a statement of accessibility features on Defendant's website.

As for the third element of Kreisler test, that it must be reasonable to infer that the plaintiff intended to return to the complained of place of accommodation, at least one court in this district has reasoned that plaintiff's intent to return should be imminent, rather than conjectural or hypothetical. See Feltzin v. Stone Equities, LLC, No. CV 16-6457 (SJF)(AKT), 2018 WL 1115135, at *10-*11 (E.D.N.Y. Feb. 8, 2018); see also Small v. Gen. Nutrition Cos., Inc., 388 F. Supp. 2d 83, 87 (E.D.N.Y. 2005) ("Although, in the context of Title III of the ADA, plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, …, they must at least prove actual knowledge of the barriers and show that they would visit the building in the imminent future but for those barriers.") In considering a plaintiff's likelihood of return, the following factors are relevant: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." Id. At *11.

Here, Plaintiff simply does not allege she has any plans or intention to return to Defendant's website, not in the future, never mind in the imminent future. Indeed, no reasonable fact finder would infer that Plaintiff has any reason or intention of returning to Defendants' website given the facts and circumstances of this case. First, Plaintiff is a New York resident with a New York IP





address, and as such, is unlikely to come across Defendant's California based business again on the internet. In fact, when conducting a simple Google search of the term "protection keychain" using a New York IP address, Defendant's website does not even appear in the first 20 pages, or 178 search results. See Exhibit B for a complete list of the 178 search results. Second, Plaintiff does not allege any past patronage of Defendant's business or that she has ever visited Defendant's website before. Third, as mentioned earlier, Plaintiff does not at all allege any credible plans or intentions to return. Fourth, Plaintiff does not allege the frequency with which she purchases "protection keychains" and does not allege that she has any plans to make similar purchases in the near future. Moreover, a survey of the Court's docket reveals that, between July 2022 and today, Plaintiff had filed 25 similar claims in the Southern District. These actions suggest that, even if Plaintiff did plan to purchase the pendants, she cannot plausibly allege that she intended to make the purchase specifically from Defendant's website.

In light of the above, because Plaintiff failed to sufficiently allege an injury-in-fact required for a justiciable case or controversy exist, Plaintiff lacks constitutional standing for the Court to exercise federal jurisdiction. Accordingly, Plaintiff's ADA claim must be dismissed pursuant to FRCP 12(b)(1) and 12(b)(6). Should the Court dismiss Plaintiff's only federal claim, Court should also decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(a).

Based on the foregoing, Defendant respectfully requests pre-motion conference with the Court to further address its anticipated motion to dismiss. Thank you for Your Honor's attention to this matter.

Date: February 10, 2023

Respectfully submitted,

Jia Law Group, P.C.

By: */s/Thomas Hsien Chih Kung*

Thomas Hsien Chih Kung, Esq.
88 Pine St, 18 FL
New York, NY 10005
(347)897-6199
*Attorneys for Defendant*

cc: All counsel of record (via ECF)